**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Kathryn Price,     Case No. 3:08CV420

    Plaintiff

v.     **ORDER**

Corey Taylor,

    Defendant

This case concerns two mortgage refinancings based on allegedly inflated appraisals. Plaintiff Kathryn Price claims defendant Corey Taylor, senior loan officer at Midwest Financial and Mortgage Services (Midwest), knowingly made false statements about the value of her home. (Doc. 88 at 6).

Pending is plaintiff's partial motion for summary judgment on her fraud claim against defendant Corey Taylor. (Doc. 88) For the reasons below, I deny the motion.

**Background**

In 2001, plaintiff Kathryn Price purchased a home at 2265 Whitney Road, Toledo, Ohio, for $55,000. She currently lives in the home with two of her children: a disabled adult daughter and a fourteen-year-old son with special needs. Price operates a ministry out of her home and relies on Social Security Disability as her primary source of income.

Price first refinanced her home in 2002 with Midwest,, which contracted with Emmanuel Yakumithis to appraise the house. Following Yakumithis's appraisal, Midwest and Price agreed to a $79,750 adjustable rate mortgage.

In 2005, Price filed for bankruptcy after the mortgage payments increased beyond her ability to pay. Based on the Lucas County Auditor's tax estimate, she listed the home's estimate value in the bankruptcy paperwork at $19,000. The monthly payment at the time of the bankruptcy was $660.

Price retained her home and mortgage after the bankruptcy.

Price sought another mortgage refinance in 2006 to avoid a second increase in her mortgage payment. Unsuccessful with other lenders due to her low credit score and recent bankruptcy, Price returned to Midwest where she worked with defendant Taylor. Midwest l employed Select Appraisal to assess Price's home; Taylor used Select's appraisal of $89,000 for the amount of Price's refinanced mortgage. The loan included a thirty-year term at a fixed interest rate.

Before the 2006 refinance, Price's monthly payment was $766 and was set to rise to $838. The new loan decreased her monthly payment to $734.77. When Price filed this suit, the principal balance of her mortgage was $88,275.10.

Price received a copy of the appraisal report in January, 2007.

## Procedural History

Price filed this suit on February 20, 2008, against defendants Taylor, Midwest, HSBC Mortgage Services, Inc., Intervale Mortgage Corp., Select Appraisals, and Yakumithis. (Doc. 1). In 2010, Price settled with HSBC Mortgage Services and Intervale Mortgage Corp. (Doc. 57-5). The lenders forgave her mortgage debt. *Id.*

In 2011, I granted partial summary judgment for Select Appraisals on Price's Fair Housing Act and race discrimination claims. (Doc. 75). I later granted summary judgment for Select Appraisals on Price's fraud, negligence, and breach of fiduciary duty claims. (Doc. 98).

I dismissed the claims against Emmanuel T. Yakumithis without prejudice following a Price's motion in 2011. (Doc. 82). Midwest went out of business in 2008. (Doc. 78).

Price asserts claims against Taylor for race and gender discrimination under the Fair Housing Act, 42 U.S.C. §§ 3601 et seq., race discrimination under 42 U.S.C. §§ 1981 and 1982, fraud, negligence, and breach of fiduciary duty.

Pending is Price's partial motion for summary judgment on the claim of fraud against Taylor.

**Standard of Review**

A party is entitled to summary judgment on motion under Fed. R. Civ. P. 56 where the opposing party fails to show the existence of an essential element for which that party bears the burden of proof. *Celotex Corp. v. Cartrett*, 477 U.S. 317, 322 (1986). The movant must initially show the absence of a genuine issue of material fact. Id. at 323.

Once the movant meets that initial burden, the "burden shifts to the nonmoving party [to] set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quoting Fed. R. Civ. P. 56(e)). Rule 56(e) "requires the nonmoving party to go beyond the [unverified] pleadings" and submit admissible evidence supporting its position. *Celotex, supra*, 477 U.S. at 324.

In deciding a motion for summary judgment, I accept the opponent's evidence as true and construe all evidence in the opponent's favor. *Eastman Kodak Co. v. Image Tech. Servs., Inc.*, 504

U.S. 451, 456 (1992). The movant can prevail only if the materials offered in support of the motion show there is no genuine issue of a material fact. *Celotex, supra*, 477 U.S. at 323.

## Discussion

To prove fraud a plaintiff must show the defendant:

> 1) represent[ed] or, where there is a duty to disclose, conceal[ed] a fact; 2) which is material to the transaction at hand; 3) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred; 4) with the intent of misleading another into relying upon it; 5) justifiable reliance upon the representation or concealment; and 6) a resulting injury proximately caused by the reliance.

*Cohen v. Lamko, Inc.*, 10 Ohio St.3d 167, 169 (1984).

Price has not presented sufficient evidence to make out a *prima facie* case for fraud. Despite her allegations, Price has not shown Taylor intended to mislead her or that he knew Select Appraisers inflated the home's value. Furthermore, Price has not shown that she justifiably relied on the appraisal or Taylor's statements.

### A. False Statement

After reading Price's complaint, motion for summary judgment, and reply memorandum, I cannot determine precisely what false statement Price alleges Taylor made to incur her reliance. I will proceed, *arguendo*, under the assumption that the allegedly false statement is Select Appraisals' appraisal that Taylor and Midwest used to determine the amount of her refinanced mortgage.

#### 1. Appraisal

A fraud claim will fail unless the plaintiff proves the defendant knowingly made false statements to the plaintiff with the intention to mislead her. *Cohen, supra*, 10 Ohio St.3d at 169. For example, where a homebuyer alleged the seller had committed fraud for not disclosing certain

defects about the home, but could not show the seller actually knew about the defects, there was no basis for fraud. *Gentile v. Ristas*, 160 Ohio App.3d 765, 784 (2005).

Here, while Price alleges Taylor "knew what her house was worth" (Doc. 88 at 6), she has not presented any evidence of subjective knowledge apart from stating that Taylor had her bankruptcy paperwork. (Doc. 86 at 117). The same rationale from *Gentile* is applicable here: a claim for fraud will fail if the plaintiff cannot show the defendant had actual knowledge of the alleged misrepresentation.

There is no proof or allegation that Taylor read the bankruptcy papers, saw the Lucas County Auditor's tax estimate or, if he did, believed it to be an accurate figure. In other words, there is nothing in the record to show that Taylor knew Select Appraisal falsely inflated the value of the home. These claims amount to nothing more than an assertion that Taylor should have known the value of her home. Without more, I cannot find that Taylor intentionally misrepresented the value of the home.

Further, because Price has not shown Taylor knew Select Appraisal's appraisal was inaccurate, she cannot show that he intended to mislead her.

### 2. Free Brokerage Fees

Price also asserts that Taylor promised to provide her with broker letters for free refinancing in the future. (Doc. 86 at 121). She claims this amounts to fraud because neither Taylor nor Midwest Financial ever provided those letters. *Id.* It is generally true that fraud cannot be predicated on promises for future actions or conduct. *Tibbs v. Nat'l Homes Const. Corp.*, 52 Ohio App.2d 281, 286 (1977); *Link v. Leadworks Corp.*, 79 Ohio App.3d 735, 742 (1992); *Nilavar v. Osborn*, 127 Ohio

App.3d 1, 21 (1998). However, fraud exists where the promisor never intended to perform the promised act. *Tibbs, supra*, 52 Ohio App.2d at 287.

Here, Price has not offered any proof to show that Taylor or Midwest did not intend to provide her with the promised letters. More importantly, Midwest Financial folded in 2008. Midwest Financial promised to perform services in the future that it no longer can provide. Her argument here is therefore moot.

Price has not met the burden of proof to support a finding of summary judgment in her favor. She has not shown that there are no questions of material fact regarding the extent of Taylor's actual knowledge as to the value of Price's home or accuracy of Select Appraisal's evaluation.

Though failure to prove an essential element renders all other facts immaterial, *Celotex, supra*, 477 U.S. at 323, I will discuss the issues of non-disclosure and justifiable reliance.

### B. Non-Disclosure

Price alleges Taylor and Select Appraisal acted in consort to inflate the appraisal. She alleges Taylor knew the proper value of her home, yet falsely inflated the value to "bilk thousands of dollars in interest and principal payments and fees" from Price. (Doc. 1 at 7). Despite these allegations, Price has not presented any evidence to support collusion.

While Taylor had a fiduciary duty under Ohio law as Price's mortgage broker to act in her best interests, there is no evidence on the record to show that he acted contrary to that duty. O.R.C. § 1322.07 *et seq.*; *Swayne v. Beebles Invests, Inc.*, 176 Ohio App.3d 293, 306 (2008) (brokers are agents and have a fiduciary duty to their clients). Price has failed to meet her burden of proof on the issue of non-disclosure.

### C. Justifiable Reliance

6

Even if Price's argument were sufficient on the first element of fraud, her motion for summary judgment would fail for want of justifiable reliance. Justifiable reliance is determined by a fact-based analysis of the situation and the relationship between the parties. *Davis v. Montenery*, 173 Ohio App.3d 740, 752 (2007).

As I held previously, Price could not have justifiably relied on a document she never saw. (Doc. 102). The case Price cites as supporting her argument unequivocally states that reliance on an unseen document is not justified. *Rece v. Dominion Homes, Inc.*, 2008 WL 73707, *8 (Ohio 10th Dist.); *see also Washington Mut. Bank v. Smith*, 2002 WL 31812944, *4 (Ohio 11th Dist.). Further, reliance is not justifiable when buyers have reason to believe that agent information may be inaccurate. *Cf. Davis, supra*, 173 Ohio App.3d at 752.

First, Price argues that she relied on the appraisal as Taylor represented it to her. Her argument here is untenable because Price did not see the actual appraisal report until the year after she refinanced her home. (Doc. 86 at 92, 100-101 & 214).

Price also alleges that Taylor knew the Select Appraisal's evaluation was inaccurate because he had the 2005 bankruptcy paperwork listing the Lucas County Auditor's tax estimate. (Doc. 86 at 117). Yet, Price claims that the bankruptcy valuation of her home "does not preclude her from claiming reliance on Defendant's statements." (Doc. 88 at 7).

Her argument is logically unsound.

If Taylor knew or should have known that Select Appraisal's evaluation was inaccurate solely based on the tax estimate, then Price likewise should have known the appraisal was inaccurate. Price also had unique knowledge, not available to Taylor, about the property. She lived in the home for nearly a decade and knew, firsthand, about its specific defects. Finally, Price's

7

bankruptcy attorney advised her to discharge the mortgage because the home was not worth what she was paying. (Doc. 86, at 77-81).

Price's reliance on both the appraisal and Taylor's statements was unjustified.

## Conclusion

Price has not established a definitive false statement, that Taylor had actual knowledge the appraisal was inaccurate or that her reliance on any possible false statement was justifiable.

For the foregoing reasons, it is hereby:

ORDERED THAT: plaintiff's motion for summary judgment (Doc. 88) be, and the same hereby is denied.

A scheduling conference is set for July 10, 2012 at 11:30 a.m.

So ordered.

s/James G. Carr
Sr. United States District Judge